WARDER and others, Appellants, vs. BAKER, Garnishee, etc., Respondent.

*November 5 — December 14, 1886.*

*Garnishment: Collateral securities: •Liability for excess: Fraudulent conveyance: Instructions to jury.*

The principal debtor had assigned insurance policies to the garnishee, and the latter, after a loss, had collected moneys thereon. The evidence tended to show that the policies were assigned as collateral security and that the amount received therefrom by the garnishee largely exceeded the indebtedness secured. The plaintiffs claimed that the assignment was fraudulent and void as to creditors, which the garnishee denied. Instructions under which the jury might find for the garnishee if they found the assignment valid, even though convinced that the amount received by the garnishee exceeded the indebtedness to him, are *held* erroneous, since the plaintiffs were entitled to hold the garnishee liable for the excess.

APPEAL from the Circuit Court for *Monroe* County.

The case is thus stated by Mr. Justice CASSODAY:

"April 24, 1880, this action was commenced upon an express contract against Taylor Bros.; and the respondent, *Baker*, was garnished as being indebted to them or having property in his hands belonging to them. May 12, 1880, *Baker* answered, denying any such indebtedness or having any such property. The plaintiffs, constituting the firm of *Warder, Mitchell & Co.*, of Springfield, Ohio, thereupon took issue with such answer. November 19, 1880, the plaintiffs obtained judgment in the action against Taylor Bros. for $781.98. The issue thus joined upon the answer of the garnishee was tried in the circuit court for Dane county, and April 14, 1881, the plaintiffs recovered judgment against the garnishee for $867.21, which was reversed by this court, on appeal, for intervening error. 54 Wis. 49. The venue was then changed to Monroe county. April 4, 1883, the cause was tried in the circuit court for that county, and the trial resulted in a verdict against the plaintiffs and in favor of the defendant garnishee, *Baker*. From the judgment entered thereon the plaintiffs appeal."

The cause was submitted for the appellants on the brief of *Lewis & Pfund*, and for the respondent on that of *Smith & Rogers*.

CASSODAY, J. It appears that Taylor Bros. were in business as merchants, at Waunakee, February 4, 1879, and had been for about two years. The garnishee, *Baker*, resided at the same place with his family; and Mrs. Baker was the mother of the Taylor brothers. During the time mentioned, and afterwards, both of the Taylor brothers boarded at *Baker's* and made their home in his family. Up to the time mentioned, *Baker* and his wife were in the habit of trading more or less at their store,— getting groceries for the family, etc.,— and from time to time *Baker* paid and

loaned them money and otherwise aided them in their business. February 4, 1879, the goods and property of Taylor Bros., at Waunakee, were destroyed by fire. At the time of the fire, Taylor Bros. held a policy of insurance upon the property destroyed, issued to them January 13, 1879, by the Continental Fire Insurance Company, upon which they commenced an action in the circuit court for Dane county, and recovered a judgment on that policy, April 23, 1880, for $1,217.23, but which policy had been assigned to *Baker* by them, November 25, 1879. The amount of that judgment, less costs, etc., was paid to *Baker* by the insurance company before the trial of this action. At the time of the fire, Taylor Bros. also held a policy of insurance upon the property destroyed, issued to them September 9, 1878, by the Lancashire Insurance Company, which they assigned to *Baker,* November 11, 1879, and upon which he recovered judgment in the circuit court for Dane county, April 30, 1880, for $1,218.31; and the amount of which, less costs, etc., was paid to him by the insurance company before the trial of this action. There is evidence in the record tending to prove that both policies were assigned to *Baker* merely as collateral security, and that the amount received therefrom by him was very largely in excess of the aggregate amount of his indebtedness against Taylor Bros. at the time of the service of the garnishee process. In view of this evidence, which is sufficient to have justified a verdict for the plaintiffs, we are forced to the conclusion that some of the directions to the jury were misleading, and hence fatal to the judgment.

After stating to the jury the issue on trial with substantial accuracy, the learned trial judge informed the jury, in effect, that the plaintiffs claimed that the policies were so transferred with the intent to hinder, delay, and defraud creditors of Taylor Bros., while the defendant denied that the evidence proved that the policies were assigned with

any such fraudulent intent, but that, on the contrary, the evidence proved the assignment of the policies to have been a legitimate and honest transaction.   "*This*," he told them, "*is the vital question in this controversy.*"   Then, after charging the jury, in effect, that if the policies were in fact assigned for the purpose of hindering, delaying, or defrauding creditors of Taylor Bros., then the assignment was void for all the purposes of the action, he added:   "While, on the other hand, if the assignment was honest and without any intent to hinder, delay, or defraud the creditors of Taylor Bros., then the assignment is valid *and the defendant is not liable in the action.*   So the *intention* with which the assignment was made *is the turning point of this controversy.*"   Under these directions the jury might well have found for the defendant, *Baker*, even if convinced by the evidence that the amount received by him from the insurance companies exceeded the aggregate amount of his indebtedness against Taylor Bros. at the time of the service of the garnishee process.   But in that event the plaintiffs were entitled to recover the amount of such excess, even if the assignments were each made in good faith and to secure a genuine indebtedness.

There may be some doubt as to the correctness of another portion of the charge, and also as to some of the rulings upon the trial, especially in allowing the defendant's counsel to go outside of the record in summing up to the jury; but as these rulings are not likely to be repeated upon another trial we have concluded to say nothing further upon this appeal.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.